## GEORGE RICHEY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—515.]

**Instruction as to Insanity in Criminal Case.**

An instruction in a criminal case where insanity is relied upon is correct which informs the jury that the test of responsibility is whether the accused had sufficient reason to know right from wrong and whether he had sufficient will power to govern his actions and that, "If the jury shall believe from all the evidence that the accused was laboring under such a defect of reason as not to know the nature and quality of the act of shooting with intent to kill or if he did know it, that he did not know to commit such act was wrong, then they should acquit," etc.

**Insanity a Generic Term.**

In law insanity is a generic term and en.braces every case of defect of reason or weakness of mind which leaves the person with-

out mental capacity to distinguish right from wrong or without the will power, knowing right from wrong, to control a tendency to wrong doing.

### Propriety of Instruction.

It is never proper for the trial court to instruct as to a condition of things shown by the evidence not to exist.

## APPEAL FROM HARRISON CRIMINAL COURT.

January 15, 1885.

OPINION BY JUDGE HINES:

Appellant was indicted for maliciously shooting and wounding with intent to kill, from which shooting death did not result, and sentenced to the penitentiary for one year.

The principal ground relied on for reversal is the granting of one instruction and the refusal of others.

The instruction given and complained of tells the jury that every one is presumed to be sane until the contrary is proved, and that the test of responsibility is whether the accused had sufficient reason to know right from wrong and whether he had sufficient will power to govern his actions. The instruction further continues: "If the jury shall believe from all the evidence that the accused was laboring under such a defect of reason as not to know the nature and quality of the act of shooting with intent to kill, or if he did know it, that he did not know to commit such act was wrong, then they should acquit on the ground of insanity and so say in the verdict."

To understand the force of the objection to the instruction it is proper to state that the evidence tends to show, in the accused, a weakness of mind that the jury might conclude amounted to idiocy instead of technical insanity. But it will be observed that the instruction covers every case where there is an absence of mental capacity to distinguish right from wrong, or knowing the right from the wrong there was an absence of will power to control. In law insanity is a generic term and embraces every case of defect of reason or weakness of mind which leaves the person without mental capacity to distinguish right from wrong, or without the will power, knowing right from wrong, to control a tendency to wrong doing. To all such cases section 268 of the Criminal Code applies, although the term insanity alone is used. It does

not matter that the defect of mind, its weakness, or the want of will power is a natural defect or weakness or results from other causes not produced by the wilful act of the person relying upon such defense.

Instruction "A" was properly refused by the court. It proceeds upon the supposition that appellant shot without wounding, while the only evidence in the case is that the person shot at was wounded. Instructions must be based upon the facts proved, and not upon a state of case that the evidence shows not to have existed. Wherever the evidence tends to establish certain facts, whether it be proved or the facts inferred from the circumstances it is the duty of the court to instruct the jury so as to cover such probable state of fact, but it is never proper to instruct as to a condition of things shown by the evidence not to exist. The same reason supports the action of the court in refusing instruction "B," "That proceeds upon the supposition that the jury might find that the shooting was done in sudden heat and passion or in sudden affray, when the evidence shows that there was no affray, no sudden heat and passion, but a deliberate shooting.

There is nothing in the objections to the rejection of evidence or in the refusal to grant a continuance.

Judgment *affirmed*.

*Ward & Blanton, Kennedy & Kennedy, for appellant.*

*P. W. Hardin, for appellee.*